NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | : | **Hon. Dennis M. Cavanaugh** |
|---|---|---|
| ZEFFREY RODRIGUES and ZENA RODRIGUEZ, | : | |
| | : | **OPINION** |
| Plaintiffs, | : | Civil Action No. 07-cv-3145 (DMC) |
| | : | |
| v. | : | |
| | : | |
| NEW JERSEY OFFICE OF ADMINISTRATIVE LAW and FORT LEE BOARD OF EDUCATION, | : | |
| | : | |
| Defendants. | : | |

<u>DENNIS M. CAVANAUGH, U.S.D.J.</u>:

This matter comes before the Court upon Defendant New Jersey Office of Administrative Law's ("OAL") motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that OAL's motion to dismiss is **granted**.

I.   BACKGROUND

The allegations set forth in the Amended Complaint arise from three separate petitions filed by Plaintiffs Zeffrey Rodrigues ("Zeffrey") and Zena Rodrigues ("Zena," and collectively, "Plaintiffs") against the Fort Lee Board of Board of Education ("Fort Lee") pursuant to the Individuals with Disabilities Act ("IDEA"). On November 2, 2006, Zeffrey filed a due process

petition with the Office of Special Education Programs ("OSEP") seeking special education services for his daughter, Zena, pursuant to the IDEA, 20 U.S.C. §§ 1400 *et seq*. On May 10, 2007, Zena filed a second petition seeking to refine the relief sought in the original petition by specifying the facility at which she requested services to be provided. Zeffrey also filed a third petition for his personal relief arising from the same facts and circumstances.

OSEP forwarded the first petition to the OAL for trial. OAL assigned the case to the Hon. Diana Sukovich, A.L.J. Judge Sukovich tried the case for several days in February and March 2007. Judge Sukovich later recognized, and notified the parties, that the trial would occupy more time than she had originally anticipated and might continue past her planned retirement, effective July 1, 2007. Judge Sukovich directed the parties to attempt to mediate the dispute with the Hon. Robert Giordano, A.L.J., but no settlement was ever reached.

Plaintiff alleged that Judge Giordano disclosed Fort Lee's settlement offer to the OAL assignment judge, Hon. Kenneth Springer, A.L.J. Judge Springer then allegedly disclosed the results of the mediation to other judges on his staff. Judge Springer later reassigned the case to the Hon. Carol I. Cohen, A.L.J. Plaintiff alleged that Judge Cohen was already familiar with the case from *ex parte* communications with Judge Springer and from *ex parte* correspondence she received from Fort Lee's counsel. Judge Springer called a conference, during which she indicated that she was angry with Plaintiffs' refusal to accept Fort Lee's settlement offer. At this point, Judge Cohen had not yet heard any testimony or reviewed any evidence presented by the parties.

Fort Lee's counsel later experienced a medical condition and claimed a need to replace counsel. Judge Cohen permitted a substitution of counsel and decided that she would not consider

2

any evidence or testimony that had already been introduced at the trial, allowing Fort Lee's new attorney to formulate a new theory of the case. Plaintiff filed an interlocutory appeal, which was rejected as being a final order and in the wrong forum.

The first petition is currently on appeal because Judge Cohen denied a motion to consolidate it with the later petitions and, when Plaintiffs appealed that order as interlocutory, the OAL held that the order denying consolidation was final and could be appealed only in this Court. No decision has been rendered on the first opinion. On August 14, 2007, Judge Cohen granted Plaintiffs' motion to amend the second petition, and consolidated the second and third petitions. On December 10, 2007, OAL filed a motion to dismiss the Amended Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

## II.     STANDARD OF REVIEW

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), all allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff. See Warth v. Seldin, 422 U.S. 490, 501 (1975); Trump Hotels & Casino Resorts, Inc., v. Mirage Resorts Inc., 140 F.3d 478, 483 (3d Cir. 1998). If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears beyond a doubt that no relief could be granted "under any set of facts which could prove consistent with the allegations," a court shall dismiss a complaint for failure to state a claim. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). In Bell Atl. Corp. v. Twombly, the Supreme Court of the United States clarified the Fed. R. Civ. P. 12(b)(6) standard. See 127 S.Ct. 1955 (2007). Specifically, the Court "retired" the language contained in Conley v. Gibson, 355 U.S. 41 (1957), that "a complaint should not be dismissed for failure to state a claim

3

unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief." Twombly, 127 S.Ct. at 1968 (citing Conley, 355 U.S. at 45-46). Instead, the Supreme Court instructed that "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 127 S.Ct. at 1965.

### III.  DISCUSSION

OAL asserts that the Complaint should be dismissed on the basis that OAL is not a proper party to this action. Although modeled as a complaint, the relief that Plaintiffs are seeking in the Amended Complaint is tantamount to an interlocutory appeal of the Order issued by Judge Cohen on May 17, 2007 in which she denied Plaintiffs' motion to consolidate all three petitions. The fact that Judge Cohen's order stated that her decision is "appealable by filing a complaint and bringing a civil action" does not mean that the Amended Complaint must be acknowledged as such.  Viewed in this manner, the OAL should be dismissed as a party from this action because this Court has the ability to correct any alleged errors in the due process proceedings on appeal without OAL's participation pursuant to 20 U.S.C. § 1415(i).

Grounds for dismissal may also be present if this Court were to treat Plaintiffs' pleading as an Amended Complaint. Yet, considering the relief requested, the pleading is best viewed as an interlocutory appeal and, thus, such grounds need not be discussed at this time.

### IV.  CONCLUSION

For the reasons stated, it is the finding of this Court that OAL's motion to dismiss for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6) is **granted**.

An appropriate Order accompanies this Opinion.

                                                             S/ Dennis M. Cavanaugh
                                                             Dennis M. Cavanaugh, U.S.D.J.

Date:          June  12 , 2008
Orig.:         Clerk
cc:            All Counsel of Record
                Hon. Mark Falk, U.S.M.J.
                File