NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ZEFFREY RODRIGUES and ZENA RODRIGUES, | **Hon. Dennis M. Cavanaugh** |
| Plaintiffs, | **OPINION** |
| v. | Civil Action No. 07-CV-3145 (DMC - MF) |
| NEW JERSEY OFFICE OF ADMINISTRATIVE LAW and FORT LEE BOARD OF EDUCATION | |
| Defendants. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Zeffrey Rodrigues and Zena Rodrigues ("Plaintiffs") to re-open this case pursuant to Fed. R. Civ. P. 60(b). Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After considering the submissions of all parties, it is the decision of this Court for the reasons herein expressed that Plaintiffs' motion is **denied.**

I. **BACKGROUND**

On November 2, 2006, Plaintiff Zeffrey Rodrigues ("Zeffrey") filed a due process petition with the Office of Special Education Programs ("OSEP") seeking special education services for his daughter, Zena Rodrigues ("Zena"), pursuant to the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. §§1400 *et seq*. OSEP forwarded the petition to the Office of Administrative Law ("OAL" or "Defendant") for trial. Following unsuccessful mediation of this matter, the case was reassigned to Administrative Law Judge ("ALJ"), the Honorable Carol I. Cohen. Thereafter, Zena filed a second petition on May 10, 2007, seeking to refine the relief sought in the original petition

by specifying the facility at which she requested services. Zeffrey also filed a third petition for his personal relief arising from the same facts and circumstances. On May 17, 2007, although the second and third petitions had been consolidated, the ALJ denied a motion to consolidate the initial petition with the two latter petitions.

On November 13, 2007, Defendant OAL moved to dismiss the Amended Complaint. On June 12, 2008, in accordance with Fed. R. Civ. P. 12(b)(6), this Court issued an Opinion and Order dismissing Plaintiffs' Amended Complaint for failure to state a claim upon which relief may be granted. Pursuant to that Opinion, this Court found that Plaintiffs' Amended Complaint was tantamount to an interlocutory appeal of Administrative Law Judge Cohen's May 17, 2007 denying Plaintiffs' request to consolidate the underlying petitions.

On January 6, 2010, proceeding in a pro se capacity, Plaintiffs filed a motion to re-open the instant matter.

**II.    LEGAL STANDARD**

Pursuant to Fed. R. Civ. P. 60(b), "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:"

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

**III.     DISCUSSION**

"A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c).  Plaintiffs filed the instant motion to re-open this case on January 6, 2010, approximately eighteen months after this case closed.  Therefore, as a result of untimeliness, the relief sought will not be granted pursuant to Fed. R. Civ. P. 60(b)(1)-(3).

Plaintiffs' motion to re-open this case rests, in part, on the alleged misconduct of the ALJ in this matter, including accusations of bias, discrimination and retaliation.  Further, Plaintiffs allege that their former counsel failed to execute proper service of the initial summons and complaint on Defendant OAL.  Plaintiffs' contentions do not implicate the provisions in either subsection (4) or (5), therefore, the Court will proceed by addressing whether a viable claim exists pursuant to Fed. R. Civ. P. 60(b)(6).

Rule 60(b) lists six reasons for which a "court may relieve a party or its legal representative from a final judgment, order, or proceeding," including the catch-all provision in Rule 60(b)(6) that allows a court to relieve a party from a judgment for "any other reason that justifies relief" aside from the more specific circumstances described in Rule 60(b)1-5.  Although construed liberally where substantial justice will be served, Fed. R. Civ. P. 60(b)(6) is extraordinary and should be reserved for exceptional circumstances.  Walker v. Astrue, 593 F.3d 274, 278 (3d Cir. 2010).

Plaintiffs' first claim presents the alleged misconduct of the ALJ as a basis to re-open this matter.  Notably, "[j]udges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have

been done maliciously or corruptly." Figueroa v. Blackburn, 208 F.3d 435, 440 (3d Cir. 2000) (citing Stump v. Sparkman, 435 U.S. 349, 355-56 (1978)). "First, a judge is not immune from liability for nonjudicial acts, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." Id. (citing Mireles v. Waco, 502 U.S. 9, 11-12 (1991)). Plaintiffs fail to present any basis for application of an exception to the doctrine of judicial immunity.  As a result, even assuming such a claim is plausible, it is indeed not viable.  Therefore, this ground does not present a basis for re-opening this matter in accordance with Fed. R. Civ. P. 60(b)(6).

Lastly, to the extent that Plaintiffs contends that Plaintiffs' former counsel failed to comport with proper legal procedure or engaged in malpractice, Fed. R. Civ. P. 60(b)(6) is not the appropriate avenue of redress for such a claim.  Therefore, this ground does not present a basis for re-opening this matter in accordance with Fed. R. Civ. P. 60(b)(6).

**IV.   CONCLUSION**

For the foregoing reasons, in accordance with Fed. R. Civ. P. 60(b)(6), Plaintiffs' motion to re-open this case is **denied.** An appropriate Order accompanies this Opinion.

　　　　　　　　　　　　　　　　　　　　 S/ Dennis M. Cavanaugh
　　　　　　　　　　　　　　　　　　　　Dennis M. Cavanaugh, U.S.D.J.

Dated:      June   21 , 2010
Original:   Clerk
cc:         All Counsel of Record
            Hon. Mark Falk, U.S.M.J.
            File